VICK LAW GROUP, APC
  Scott Vick (State Bar No. 171944)
800 West Sixth Street, Suite 1220
Los Angeles, California 90017
Telephone: (213) 784-6225
Facsimile:  (213) 784-6227
E-Mail:   Scott@vicklawgroup.com

STADHEIM & GREAR LTD.
  Rolf O. Stadheim (pro hac vice)
  George C. Summerfield (pro hac vice)
  Kyle L. Harvey (pro hac vice)
  Robert M. Spalding (pro hac vice)
  Christopher H. St. Peter (pro hac vice)
400 N. Michigan Avenue, Suite 2200
Chicago, Illinois 60611
Telephone: (312) 755-4400
Facsimile:  (312) 755-4408
E-Mail:   stadheim@stadheimgrear.com
summerfield@stadheimgrear.com
harvey@stadheimgrear.com
spalding@stadheimgrear.com
stpeter@stadheimgrear.com

*Attorneys for Plaintiff*
*KINGLITE HOLDINGS INC.*

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| KINGLITE HOLDINGS INC., a Seychelles Company, | Case No.: 2:15-cv-09612 |
| Plaintiff, | |
| v. | **COMPLAINT** |
| MICRO-STAR INTERNATIONAL CO., LTD., a Taiwan Corporation, and MSI COMPUTER CORP., a California Corporation. | **[JURY TRIAL DEMANDED]** |
| Defendants. | |

Plaintiff Kinglite Holdings Inc.'s
Complaint

Plaintiff, Kinglite Holdings Inc. ("Kinglite") alleges by way of complaint against Defendants, Micro-Star International Co., Ltd. and MSI Computer Corp. ("Defendants") as follows:

## FACTUAL BACKGROUND

**Plaintiff**

1.     Kinglite is a company incorporated under the laws of the Republic of the Seychelles with its principal place of business at 7 Temasek Boulevard, #15-01A Suntec Tower One, Singapore 038987.

2.     Kinglite is the owner of the following United States patents that are being asserted in this action ("Asserted Patents"):

| U.S. Patent No. | Title | Application Date | Issue Date | Exhibit No. |
|---|---|---|---|---|
| 6,791,572 ("'572") | Generating Media Output During Bios Boot-Up | Dec. 10, 1999 | Sep. 14, 2004 | A |
| 6,892,304 ("'304") | System And Method For Securely Utilizing Basic Input And Output System (Bios) Services | Oct. 3, 2000 | May 10, 2005 | B |
| 5,732,268 ("'268") | Extended Bios Adapted To Establish Remote Communication For Diagnostics And Repair | Feb. 26, 1996 | Mar. 24, 1998 | C |
| 6,487,656 ("'656") | System And Method For Providing Functionalities To System Bios | Dec. 10, 1999 | Nov. 26, 2002 | D |
| 6,401,202 ("'202") | Multitasking During Bios Boot-Up | Jun. 18, 1999 | June 4, 2002 | E |
| 6,519,659 ("'659") | Method And System For Transferring An Application Program From System Firmware To A Storage Device | Jun. 18, 1999 | Feb. 11, 2003 | F |

| 5,836,013 ("'013") | Method And Apparatus For Compressing System Read Only Memory In A Computing System | Aug. 11, 1994 | Nov. 10, 1998 | G |
|---|---|---|---|---|
| 8,095,783 ("'783") | Media Boot Loader | May 11, 2004 | Jan. 10, 2012 | H |
| 5,987,604 ("'604") | Method And Apparatus For Providing Execution Of System Management Mode Services In Virtual Mode | Oct. 7, 1997 | Nov. 16, 1999 | I |
| 6,263,412 ("'412") | Method And Apparatus For RAM Emulation Using A Processor Register Set | Jun. 24, 1998 | Jul. 17, 2001 | J |
| 6,633,976 ("'976") | Method Of Storing BIOS Modules And Transferring Them To Memory For Execution | Aug. 10, 2000 | Oct. 14, 2003 | K |
| 7,185,189 ("'189") | Method Of Storing BIOS Modules And Transferring Them To Memory For Execution | Jul. 28, 2003 | Feb. 27, 2007 | L |
| 6,502,184 ("'184") | Method And Apparatus For Providing A General Purpose Stack | Sep. 2, 1998 | Dec. 31, 2002 | M |
| 5,978,912 ("'912") | Network Enhanced BIOS Enabling Remote Management Of A Computer Without A Functioning System | Mar. 20, 1997 | Nov. 2, 1999 | N |
| 6,308,265 ("'265") | Protection Of Boot Block Code While Allowing Write Access To The Boot Block | Sep. 30, 1998 | Oct. 23, 2001 | O |
| 6,222,562 ("'562") | Fast Processed Screen Image | Jun. 23, 1998 | Apr. 24, 2001 | P |

**Defendants**

3.    Micro-Star International Co., Ltd. ("MSI Taiwan") is a Taiwanese corporation with its principal place of business at No. 69, Lide Street, Zhonghe District, New Taipei City 235, Taiwan.  It is one of the world's largest motherboard and graphics card manufacturers.  MSI Taiwan also manufactures laptops, all-in-one computers, servers, industrial computers, and multimedia devices.

4.     MSI Computer Corp. ("MSI USA") is a California corporation with its principal place of business at 901 Canada Court, City of Industry, California 91748.  On information and belief, it is a subsidiary of MSI Taiwan and provides technical, sales, customer service, and marketing support to MSI Taiwan and its customers in the United States.

5.     According to its website, www.msi.com, MSI Taiwan is doing business in the United State through MSI USA.

6.     Defendants import, offer for sale, and/or sell MSI Z170A XPower Gaming Titanium Edition motherboards equipped with Intel Z170 chipset and loaded with American Megatrends, Inc. ("AMI") UEFI T.ON BIOS (dated august 4, 2015) that practice the inventions of the patents in-suit ("Accused Products"). Such products were introduced in August 2015.

**Unified Extensible Firmware Interface**

7.     The Unified Extensible Firmware Interface ("UEFI") is a specification that defines a software interface between an operating system and platform firmware, also referred to in the industry as a Basic Input/Output System ("BIOS").

8.     UEFI, which has been updated over the years in a series of releases, was developed under the aegis of the UEFI Forum, an alliance between several leading technology companies to modernize the booting process. The board of directors includes representatives from eleven "Promoter" companies: AMD, American Megatrends, Apple, Dell, HP, IBM, Insyde Software, Intel, Lenovo, Microsoft, and Phoenix Technologies.

9.     The inventions of the following patents ("Phoenix UEFI patents") are contained in each version of UEFI: '304, '202, '659, '013, '783, '604, '412, '976, '189, '184, and '562.

10.     The Accused Products loaded with the 2x128 Mbit flash AMI UEFI BIOS comply with the UEFI standards, and thus practice the inventions of the

1    Phoenix UEFI patents.

2                        **JURISDICTION AND VENUE**

3           11.    This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§

4    1331 and 1338(a).

5           12.    Venue is proper in this Judicial District pursuant to 28 U.S.C. §

6    1400(b).

7           13.    At all relevant times, Defendants have conducted business through

8    MSI USA and sold or offered to sell the Accused Products in this Judicial District

9    through its network of distributors, a number of which are based or have retail

10   outlets in this Judicial District.

11            **COUNT I – DIRECT INFRINGEMENT OF THE '572 PATENT**

12          14.    Kinglite incorporates by reference the allegations contained in

13   paragraphs 1-13, above.

14          15.    Defendants' importation, sale and/or offer to sell the Accused

15   Products constitute direct infringement of claims 23 and 51 of the '572 Patent

16   pursuant to 35 U.S.C. § 271(a), as such products detect and display parameter

17   values, *e.g.,* CPU speed, frequency, or temperature, in, *.e.g.,* a dashboard template.

18          16.    Kinglite has been injured by such infringement.

19          **COUNT II – INDIRECT INFRINGEMENT OF THE '572 PATENT**

20          17.    Users directly infringe claims 23 and 51 of the '572 Patent through

21   operation of the Accused Products, as described in paragraph 15.  When the

22   Accused Products are used, they practice each limitation of claims 23 and 51 of the

23   '572 Patent.

24          18.    Defendants have had knowledge of the '572 Patent and its

25   infringement thereof as a result of ongoing litigation between the parties, and their

26   efforts to familiarize themselves with such patent.

27          19.    Defendants have induced and continue to induce infringement of

28   claims 23 and 51 of the '572 Patent pursuant to 35 U.S.C. § 271(b) by selling the

---

Accused Products to users who directly infringe the patent, and instructing such users on the use of such products.

20.     Defendants have contributed to and continue to contribute to the infringement of claims 23 and 51 of the '572 Patent pursuant to 35 U.S.C. § 271(c) by providing substantially all of the instrumentality for direct infringement in the form of the Accused Products to the users of such products.

21.     Kinglite has been injured by such infringement.

### COUNT III – DIRECT INFRINGEMENT OF THE '304 PATENT

22.     Kinglite incorporates by reference the allegations contained in paragraphs 1-21, above.

23.     Defendants' importation, sale and/or offer to sell the Accused Products constitute direct infringement of claim 8 of the '304 Patent pursuant to 35 U.S.C. § 271(a), insofar as the Accused Products used cryptographic key pairs to encrypt a service request signature digitally.

24.     Kinglite has been injured by such infringement.

### COUNT IV – INDIRECT INFRINGEMENT OF THE '304 PATENT

25.     Kinglite incorporates by reference the allegations contained in paragraphs 1-24 above.

26.     Users directly infringe claim 12 of the '304 Patent through operation of the Accused Products.  When the Accused Products are used, they practice each limitation of claim 12 of the '304 Patent insofar as the Accused Products used cryptographic key pairs to encrypt a service request signature digitally.

27.     Defendants have had knowledge of the '304 Patent and its infringement thereof as a result of ongoing litigation between the parties, and their efforts to familiarize themselves with such patent.

28.     Defendants have induced and continue to induce infringement of claim 12 of the '304 Patent pursuant to 35 U.S.C. § 271(b) by selling the Accused Products to users who directly infringe the patent, and instructing such users on the

use of such products.

29.     Defendants have contributed to and continue to contribute to the infringement of claim 12 of the '304 Patent pursuant to 35 U.S.C. § 271(c) by providing the entire instrumentality for direct infringement in the form of the Accused Products to the users of such products.

30.     Kinglite has been injured by such infringement.

**COUNT V – DIRECT INFRINGEMENT OF THE '268 PATENT**

31.     Kinglite incorporates by reference the allegations contained in paragraphs 1-30, above.

32.     Defendants' importation, sale and/or offer to sell the Accused Products constitute direct infringement of claim 6 of the '268 Patent pursuant to 35 U.S.C. § 271(a), insofar as the Accused Products have a first code portion in the UEFI BIOS loaded thereon to initiate POST and boot operations, and a second code portion to communicate with a separate computer in the event that there is a failure to complete boot operations.

33.     Kinglite has been injured by such infringement.

**COUNT VI – INDIRECT INFRINGEMENT OF THE '268 PATENT**

34.     Kinglite incorporates by reference the allegations contained in paragraphs 1-33 above.

35.     Users directly infringe claim 6 of the '268 Patent through operation of the Accused Products, as explained in paragraph 32, above.  When the Accused Products are used, they practice each limitation of claim 6 of the '268 Patent.

36.     Defendants have had knowledge of the '268 Patent and its infringement thereof as a result of ongoing litigation between the parties, and their efforts to familiarize themselves with such patent.

37.     Defendants have induced and continue to induce infringement of claim 6 of the '268 Patent pursuant to 35 U.S.C. § 271(b) by selling the Accused Products to users who directly infringe the patent, and instructing such users on the

1  use of such products.

2  38.   Defendants have contributed to and continue to contribute to the

3  infringement of claim 6 of the '268 Patent pursuant to 35 U.S.C. § 271(c) by

4  providing the entire instrumentality for direct infringement in the form of the

5  Accused Products to the users of such products.

6  39.   Kinglite has been injured by such infringement.

7  **COUNT VII – DIRECT INFRINGEMENT OF THE '656 PATENT**

8  40.   Kinglite incorporates by reference the allegations contained in

9  paragraphs 1-39, above.

10  41.   Defendants' importation, sale and/or offer to sell the Accused

11  Products constitute direct infringement of claim 19 of the '656 Patent pursuant to

12  35 U.S.C. § 271 insofar as the processors of such products interface a module to

13  the BIOS to receive a BIOS service request, receive device information, translate

14  the device information, and translate and transfer such information to a separate

15  module.

16  42.   Kinglite has been injured by such infringement.

17  **COUNT VIII – INDIRECT INFRINGEMENT OF THE '656 PATENT**

18  43.   Kinglite incorporates by reference the allegations contained in

19  paragraphs 1-42 above.

20  44.   Users directly infringe claim 19 of the '656 Patent through operation

21  of the Accused Products, as explained in paragraph 41, above.  When the Accused

22  Products are used, they practice each limitation of claim 19 of the '656 Patent.

23  45.   Defendants have had knowledge of the '656 Patent and its

24  infringement thereof as a result of ongoing litigation between the parties, and their

25  efforts to familiarize themselves with such patent.

26  46.   Defendants have induced and continue to induce infringement of

27  claim 19 of the '656 Patent pursuant to 35 U.S.C. § 271(b) by selling the Accused

28  Products to users who directly infringe the patent, and instructing such users on the

1  use of such products.

2      47.    Defendants have contributed to and continue to contribute to the

3  infringement of claim 19 of the '656 Patent pursuant to 35 U.S.C. § 271(c) by

4  providing the entire instrumentality for direct infringement in the form of the

5  Accused Products to the users of such products.

6      48.    Kinglite has been injured by such infringement.

7      **COUNT IX – DIRECT INFRINGEMENT OF THE '202 PATENT**

8      49.    Kinglite incorporates by reference the allegations contained in

9  paragraphs 1-48, above.

10     50.    Defendants' importation, sale and/or offer to sell the Accused

11 Products constitute direct infringement of claim 31 of the '202 Patent pursuant to

12 35 U.S.C. § 271(a) insofar as the processor of such products enables interrupt

13 signals in response to which the processor performs a task, and, thereafter,

14 performs a second task in advance of the next interrupt signal.

15     51.    Kinglite has been injured by such infringement.

16     **COUNT X – INDIRECT INFRINGEMENT OF THE '202 PATENT**

17     52.    Kinglite incorporates by reference the allegations contained in

18 paragraphs 1-51 above.

19     53.    Users directly infringe claim 31 of the '202 Patent through operation

20 of the Accused Products, as shown in paragraph 50.  When the Accused Products

21 are used, they practice each limitation of claim 31 of the '202 Patent.

22     54.    Defendants have had knowledge of the '202 Patent and its

23 infringement thereof as a result of ongoing litigation between the parties, and their

24 efforts to familiarize themselves with such patent.

25     55.    Defendants have induced and continue to induce infringement of

26 claim 31 of the '202 Patent pursuant to 35 U.S.C. § 271(b) by selling the Accused

27 Products to users who directly infringe the patent, and instructing such users on the

28 use of such products.

56.     Defendants have contributed to and continue to contribute to the infringement of claim 31 of the '202 Patent pursuant to 35 U.S.C. § 271(c) by providing the entire instrumentality for direct infringement in the form of the Accused Products to the users of such products.

57.     Kinglite has been injured by such infringement.

**COUNT XI – DIRECT INFRINGEMENT OF THE '659 PATENT**

58.     Kinglite incorporates by reference the allegations contained in paragraphs 1-57, above.

59.     Defendants' importation, sale and/or offer to sell the Accused Products constitute direct infringement of claim 1 of the '659 Patent pursuant to 35 U.S.C. § 271(a) insofar as the processor of such products executes stored instructions wherein such instructions cause the processor to write the contents of the storage element to a storage device independent of an OS application.

60.     Kinglite has been injured by such infringement.

**COUNT XII – INDIRECT INFRINGEMENT OF THE '659 PATENT**

61.     Kinglite incorporates by reference the allegations contained in paragraphs 1-60 above.

62.     Users directly infringe claim 1 of the '659 Patent through operation of the Accused Products as shown in paragraph 52. When the Accused Products are used, they practice each limitation of claim 1 of the '659 Patent.

63.     Defendants have had knowledge of the '659 Patent and its infringement thereof as a result of ongoing litigation between the parties, and their efforts to familiarize themselves with such patent.

57.     Defendants have induced and continue to induce infringement of claim 1 of the '659 Patent pursuant to 35 U.S.C. § 271(b) by selling the Accused Products to users who directly infringe the patent, and instructing such users on the use of such products.

58.     Defendants have contributed to and continue to contribute to the

infringement of claim 1 of the '659 Patent pursuant to 35 U.S.C. § 271(c) by providing the entire instrumentality for direct infringement in the form of the Accused Products to the users of such products.

59.     Kinglite has been injured by such infringement.

**COUNT XIII – DIRECT INFRINGEMENT OF THE '013 PATENT**

60.     Kinglite incorporates by reference the allegations contained in paragraphs 1-59, above.

61.     Defendants' importation, sale and/or offer to sell the Accused Products constitute direct infringement of claim 23 of the '013 Patent pursuant to 35 U.S.C. § 271(a), insofar as the processor of the Accused Products executes instructions in a decompression program copying a compressed system ROM file from ROM to RAM, and decompresses the compressed data from the RAM to an associated memory location.

62.     Kinglite has been injured by such infringement.

**COUNT XIV – INDIRECT INFRINGEMENT OF THE '013 PATENT**

63.     Kinglite incorporates by reference the allegations contained in paragraphs 1-62 above.

64.     Users directly infringe claim 23 of the '013 Patent through operation of the Accused Products as shown in paragraph 61.  When the Accused Products are used, they practice each limitation of claim 23 of the '013 Patent.

65.     Defendants have had knowledge of the '013 Patent and its infringement thereof as a result of ongoing litigation between the parties, and their efforts to familiarize themselves with such patent.

66.     Defendants have induced and continue to induce infringement of claim 23 of the '013 Patent pursuant to 35 U.S.C. § 271(b) by selling the Accused Products to users who directly infringe the patent, and instructing such users on the use of such products.

67.     Defendants have contributed to and continue to contribute to the

Plaintiff Kinglite Holdings Inc.'s
Complaint

- 10 -

infringement of claim 23 of the '013 Patent pursuant to 35 U.S.C. § 271(c) by providing the entire instrumentality for direct infringement in the form of the Accused Products to the users of such products.

68.     Kinglite has been injured by such infringement.

**COUNT XV – DIRECT INFRINGEMENT OF THE '783 PATENT**

69.             Kinglite incorporates by reference the allegations contained in paragraphs 1-68, above.

70.     Defendants' importation, sale and/or offer to sell the Accused Products loaded with the AMI compatibility support module ("CSM") constitute direct infringement of claims 11 and 20 of the '783 Patent pursuant to 35 U.S.C. § 271(a) insofar as the CSM allows the processor to boot in Legacy or UEFI mode.

71.     Kinglite has been injured by such infringement.

**COUNT XVI – INDIRECT INFRINGEMENT OF THE '783 PATENT**

72.     Kinglite incorporates by reference the allegations contained in paragraphs 1-71, above.

73.     Users directly infringe claims 11 and 20 of the '783 Patent through operation of the Accused Products as shown in paragraph 70 above.  When the Accused Products are used, they practice each limitation of claims 11 and 20 of the '783 Patent.

74.     Defendants have had knowledge of the '783 Patent and its infringement thereof as a result of ongoing litigation between the parties, and their efforts to familiarize themselves with such patent.

75.     Defendants have induced and continue to induce infringement of claims 11 and 20 of the '783 Patent pursuant to 35 U.S.C. § 271(b) by selling the Accused Products to users who directly infringe the patent, and instructing such users on the use of such products.

76.     Defendants have contributed to and continue to contribute to the infringement of claims 11 and 20 of the '783 Patent pursuant to 35 U.S.C. § 271(c)

1    by providing substantially all of the instrumentality for direct infringement in the
2    form of the Accused Products to the users of such products.

3        77.    Kinglite has been injured by such infringement.

4        **COUNT XVII – DIRECT INFRINGEMENT OF THE '604 PATENT**

5        78.        Kinglite incorporates by reference the allegations contained in
6    paragraphs 1-77, above.

7        79.    Defendants' importation, sale and/or offer to sell the Accused
8    Products constitute direct infringement of claim 1 of the '604 Patent pursuant to 35
9    U.S.C. § 271(a) insofar as the accused products allow for the processor of such
10   products to operate in protected mode while in system management mode.

11       80.    Kinglite has been injured by such infringement.

12       **COUNT XVIII – INDIRECT INFRINGEMENT OF THE '604 PATENT**

13       81.    Kinglite incorporates by reference the allegations contained in
14   paragraphs 1-80 above.

15       82.    Users directly infringe claims 1 and 11 of the '604 Patent through
16   operation of the Accused Products for which the paging feature in system
17   management mode has been activated.  When these Accused Products are used,
18   they practice each limitation of claims 1 and 11 of the '604 patent.

19       83.    Defendants have had knowledge of the '604 Patent and its
20   infringement thereof as a result of ongoing litigation between the parties, and their
21   efforts to familiarize themselves with such patent.

22       84.    Defendants have induced and continue to induce infringement of
23   claims 1 and 11 of the '604 Patent pursuant to 35 U.S.C. § 271(b) by selling the
24   Accused Products to users who directly infringe the patent, and instructing such
25   users on the use of such products.

26       85.    Defendants have contributed and to continue to contribute to the
27   infringement of claims 1 and 11 of the '604 Patent pursuant to 35 U.S.C. § 271(c)
28   by providing the entire instrumentality for direct infringement in the form of the

1    Accused Products to the users of such products.

2         86.   Kinglite has been injured by such infringement.

3         **COUNT XIX – DIRECT INFRINGEMENT OF THE '412 PATENT**

4         87.   Kinglite incorporates by reference the allegations contained in

5    paragraphs 1-86, above.

6         88.   Defendants' importation, sale and/or offer to sell the Accused

7    Products constitute direct infringement of claims 1 and 9 of the '412 Patent

8    pursuant to 35 U.S.C. § 271(a) insofar as the processors of such products redirect

9    access to volatile memory.

10        89.   Kinglite has been injured by such infringement.

11        **COUNT XX – INDIRECT INFRINGEMENT OF THE '412 PATENT**

12        90.   Kinglite incorporates by reference the allegations contained in

13   paragraphs 1-89, above.

14        91.   Users directly infringe claims 1 and 9 of the '412 Patent through

15   operation of the Accused Products as shown in paragraph 82 above.  When the

16   Accused Products are used, they practice each limitation of claims 1 and 9 of the

17   '412 Patent.

18        92.   Defendants have had knowledge of the '412 Patent and its

19   infringement thereof as a result of ongoing litigation between the parties, and their

20   efforts to familiarize themselves with such patent.

21        93.   Defendants have induced and continue to induce infringement of

22   claims 1 and 9 of the '412 Patent pursuant to 35 U.S.C. § 271(b) by selling the

23   Accused Products to users who directly infringe the patent, and instructing such

24   users on the use of such products.

25        94.   Defendants have contributed to and continue to contribute to the

26   infringement of claims 1 and 9 of the '412 Patent pursuant to 35 U.S.C. § 271(c)

27   by providing substantially all of the instrumentality for direct infringement in the

28   form of the Accused Products to the users of such products.

95.     Kinglite has been injured by such infringement.

**COUNT XXI – INDIRECT INFRINGEMENT OF THE '976 PATENT**

96.     Kinglite incorporates by reference the allegations contained in paragraphs 1-95, above.

91.     Users directly infringe claims 1 and 14 of the '976 Patent through operation of the Accused Products.  When the Accused Products are used, they practice each limitation of claims 1 and 14 of the '976 Patent, as such products execute a portion of BIOS initialization code, copy the dispatch manager store in nonvolatile memory to system memory, and execute the dispatch manager to execute start up tasks.

92.     Defendants have had knowledge of the '976 Patent and its infringement thereof as a result of ongoing litigation between the parties, and their efforts to familiarize themselves with such patent.

93.     Defendants have induced and continue to induce infringement of claims 1 and 14 of the '976 Patent pursuant to 35 U.S.C. § 271(b) by selling the Accused Products to users who directly infringe the patent, and instructing such users on the use of such products.

94.     Defendants have contributed to and continue to contribute to the infringement of claims 1 and 14 of the '976 Patent pursuant to 35 U.S.C. § 271(c) by providing substantially all of the instrumentality for direct infringement in the form of the Accused Products to the users of such products.

95.     Kinglite has been injured by such infringement.

**COUNT XXII – DIRECT INFRINGEMENT OF THE '189 PATENT**

96.     Kinglite incorporates by reference the allegations contained in paragraphs 1-95, above.

97.     Defendants' importation, sale and/or offer to sell the Accused Products constitute direct infringement of claims 14 and 39 of the '189 Patent pursuant to 35 U.S.C. § 271(a) insofar as such products execute a portion of BIOS

initialization code, copy the dispatch manager store in nonvolatile memory to system memory, and execute the dispatch manager to execute start up tasks.

98.     Kinglite has been injured by such infringement.

## COUNT XXIII – INDIRECT INFRINGEMENT OF THE '189 PATENT

96.     Kinglite incorporates by reference the allegations contained in paragraphs 1-97, above.

97.     Users directly infringe claims 14, 27 and 39 of the '189 Patent through operation of the Accused Products.  When the Accused Products are used, they practice each limitation of such claims, as such products execute a portion of BIOS initialization code, copy the dispatch manager store in nonvolatile memory to system memory, and execute the dispatch manager to execute start up tasks.

98.     Defendants have had knowledge of the '189 Patent and its infringement thereof as a result of ongoing litigation between the parties, and their efforts to familiarize themselves with such patent.

99.     Defendants have induced and continue to induce infringement of claims 14, 27 and 39 of the '189 Patent pursuant to 35 U.S.C. § 271(b) by selling the Accused Products to users who directly infringe the patent, and instructing such users on the use of such products.

100.   Defendants have contributed to and continue to contribute to the infringement of claims 14, 27 and 39 of the '189 Patent pursuant to 35 U.S.C. § 271(c) by providing substantially all of the instrumentality for direct infringement in the form of the Accused Products to the users of such products.

101.   Kinglite has been injured by such infringement.

## COUNT XXIV – DIRECT INFRINGEMENT OF THE '184 PATENT

102.   Kinglite incorporates by reference the allegations contained in paragraphs 1-101, above.

103.   Defendants' importation, sale and/or offer to sell the Accused

Products constitute direct infringement of claims 1 and 12 of the '184 Patent pursuant to 35 U.S.C. § 271(a) insofar as such products have one or more internal registers operating as a stack, and controlled by a processor, which, based upon the condition of such registers, arranges the contents of such registers.

104.   Kinglite has been injured by such infringement.

**COUNT XXV – INDIRECT INFRINGEMENT OF THE '184 PATENT**

105.   Kinglite incorporates by reference the allegations contained in paragraphs 1-104, above.

106.   Users directly infringe claims 1, 12 and 25 of the '184 Patent through operation of the Accused Products.  When the Accused Products are used, they practice each limitation of such claims, as such products have one or more internal registers operating as a stack, and controlled by a processor, which, based upon the condition of such registers, arranges the contents of such registers.

107.   Defendants have had knowledge of the '184 Patent and its infringement thereof as a result of ongoing litigation between the parties, and their efforts to familiarize themselves with such patent.

108.   Defendants have induced and continue to induce infringement of claims 1, 12 and 25 of the '184 Patent pursuant to 35 U.S.C. § 271(b) by selling the Accused Products to users who directly infringe the patent, and instructing such users on the use of such products.

109.   Defendants have contributed to and continue to contribute to the infringement of claims 1, 12 and 25 of the '184 Patent pursuant to 35 U.S.C. § 271(c) by providing substantially all of the instrumentality for direct infringement in the form of the Accused Products to the users of such products.

110.   Kinglite has been injured by such infringement.

**COUNT XXVI – DIRECT INFRINGEMENT OF THE '912 PATENT**

111.   Kinglite incorporates by reference the allegations contained in paragraphs 1-110, above.

112.   Defendants' importation, sale and/or offer to sell the Accused Products constitute direct infringement of claims 38 and 52 of the '912 Patent pursuant to 35 U.S.C. § 271(a) insofar as such products have network-enhanced software that executes during boot up, such software supporting communication with an external communicator, and having operating system software loaded after such network-enhanced software.

113.   Kinglite has been injured by such infringement.

**COUNT XXVII – INDIRECT INFRINGEMENT OF THE '912 PATENT**

114.   Kinglite incorporates by reference the allegations contained in paragraphs 1-113, above.

115.   Users directly infringe claims 1, 38 and 52 of the '912 Patent through operation of the Accused Products.  When the Accused Products are used, they practice each limitation of such claims, as such products have network-enhanced software that executes during boot up, such software supporting communication with an external communicator, and having operating system software loaded after such network-enhanced software.

116.   Defendants have had knowledge of the '912 Patent and its infringement thereof as a result of ongoing litigation between the parties, and their efforts to familiarize themselves with such patent.

117.   Defendants have induced and continue to induce infringement of claims 1, 38 and 52 of the '912 Patent pursuant to 35 U.S.C. § 271(b) by selling the Accused Products to users who directly infringe the patent, and instructing such users on the use of such products.

118.   Defendants have contributed to and continue to contribute to the infringement of claims 1, 38 and 52 of the '912 Patent pursuant to 35 U.S.C. § 271(c) by providing substantially all of the instrumentality for direct infringement in the form of the Accused Products to the users of such products.

119.   Kinglite has been injured by such infringement.

**COUNT XXVIII – DIRECT INFRINGEMENT OF THE '265 PATENT**

120. Kinglite incorporates by reference the allegations contained in paragraphs 1-119, above.

121. Defendants' importation, sale and/or offer to sell the Accused Products constitute direct infringement of claim 9 of the '265 Patent pursuant to 35 U.S.C. § 271(a) insofar as such products have identical copies of boot block code stored in separate segments in volatile memory capable of being simultaneously updated.

122. Kinglite has been injured by such infringement.

**COUNT XXIX – INDIRECT INFRINGEMENT OF THE '265 PATENT**

123. Kinglite incorporates by reference the allegations contained in paragraphs 1-122, above.

124. Users directly infringe claims 1 and 9 of the '265 Patent through operation of the Accused Products. When the Accused Products are used, they practice each limitation of such claims, as such products have identical copies of boot block code stored in separate segments in volatile memory capable of being simultaneously updated.

125. Defendants have had knowledge of the '265 Patent and its infringement thereof as a result of ongoing litigation between the parties, and their efforts to familiarize themselves with such patent.

126. Defendants have induced and continue to induce infringement of claims 1 and 9 of the '265 Patent pursuant to 35 U.S.C. § 271(b) by selling the Accused Products to users who directly infringe the patent, and instructing such users on the use of such products.

127. Defendants have contributed to and continue to contribute to the infringement of claims 1 and 9 of the '265 Patent pursuant to 35 U.S.C. § 271(c) by providing substantially all of the instrumentality for direct infringement in the form of the Accused Products to the users of such products.

128.   Kinglite has been injured by such infringement.

**COUNT XX – INDIRECT INFRINGEMENT OF THE '562 PATENT**

129.   Kinglite incorporates by reference the allegations contained in paragraphs 1-128, above.

130.   Users directly infringe claims 1 and 12 of the '562 Patent though operation of the Accused Products.   When the Accused Products are used, they practice every limitation of claims 1 and 12 of the '562 Patent, insofar as such products write contents of fast memory to a non-visible portion of video memory to display images on a computer.

131.   Defendants have had knowledge of the '562 Patent and its infringement thereof as a result of ongoing litigation between the parties, and their efforts to familiarize themselves with such patent.

132.   Defendants have induced and continue to induce infringement of claims 1 and 12 of the '562 Patent pursuant to 35 U.S.C. § 271(b) by selling the Accused Products to users who directly infringe the patent, and instructing such users on the use of such products.

133.   Defendants have contributed to and continue to contribute to the infringement of claims 1 and 12 of the '562 Patent 35 U.S.C. § 271(c) by providing substantially all of the instrumentality for direct infringement in the form of the Accused Products to the users of such products.

134.   Kinglite has been injured by such infringement.

**PRAYERS FOR RELIEF**

WHEREFORE, Kinglite respectfully requests that this Court:

a)   Find that Defendants infringe the Kinglite patents;

b)   Order Defendants to pay Kinglite damages equal to no less than a reasonable royalty to compensate for the infringement of the Kinglite patents pursuant to 35 U.S.C. § 284;

c)   Order Defendants to pay Kinglite prejudgment interest;

1          d)      Enjoin Defendants from further infringement of the Kinglite patents;

2   and

3          e)      Award such other relief the Court finds just and equitable.

4

5   DATED: December 14, 2015          Respectfully Submitted,

6

Rolf O. Stadheim *(pro hac vice)*     */s/Scott Vick*
7   George C. Summerfield *(pro hac vice)*  T. Scott Vick
8   Kyle L. Harvey *(pro hac vice)*       Vick Law Group APC
Robert M. Spalding *(pro hac vice)*    800 West 6th Street Suite 1220
9   Christopher H. St. Peter *(pro hac vice)*  Los Angeles, California 90017
10  Stadheim and Grear Ltd.          Telephone: (213) 784-6225
400 North Michigan Avenue Suite 220  Facsimile: (213) 784-6226
11  Chicago, Illinois 60611          Scott@vicklawgroup.com
12  Telephone: (312) 755-4400
Facsimile: (312) 755-4408
13  stadheim@stadheimgrear.com
14  summerfield@stadheimgrear.com
harvey@stadheimgrear.com        *Attorneys for Plaintiff*
15  spalding@stadheimgrear.com      *KINGLITE HOLDINGS INC.*
16  stpeter@stadheimgrear.com

17

18

19

20

21

22

23

24

25

26

27

28

Plaintiff Kinglite Holdings Inc.'s      - 20 -
Complaint

1

## **DEMAND FOR JURY TRIAL**

2
       Plaintiff hereby demands a trial by jury on all claims so triable pursuant to

3
Fed. R. Civ. Proc. § 38(b).

4

5
DATED: December 14, 2015          Respectfully Submitted,

6

7
Rolf O. Stadheim *(pro hac vice)*       */s/Scott Vick*

8
George C. Summerfield *(pro hac vice)*   T. Scott Vick

Kyle L. Harvey *(pro hac vice)*       Jason T. Riddick

9
Robert M. Spalding *(pro hac vice)*    Vick Law Group APC

10
Christopher H. St. Peter *(pro hac vice)* 800 West 6th Street Suite 1220

Stadheim and Grear Ltd.          Los Angeles, California 90017

11
400 North Michigan Avenue Suite 220 Telephone: (213) 784-6225

12
Chicago, Illinois 60611           Facsimile: (213) 784-6226

Telephone: (312) 755-4400       Jason@vicklawgroup.com

13
Facsimile: (312) 755-4408       Scott@vicklawgroup.com

14
stadheim@stadheimgrear.com

summerfield@stadheimgrear.com

15
harvey@stadheimgrear.com

16
spalding@stadheimgrear.com      *Attorneys for Plaintiff*

stpeter@stadheimgrear.com        *KINGLITE HOLDINGS INC.*

17

18

19

20

21

22

23

24

25

26

27

28

Plaintiff Kinglite Holdings Inc.'s
Complaint